**Hans Joachim KEIL, Plaintiff,**

v.

**Glenn TRIVELINE, et al., Defendants.**

**Case No. 09–3417–CV–S–RED.**

United States District Court,
W.D. Missouri,
Southern Division.

June 24, 2010.

---

William Michael Sharma–Crawford, Rekha Sharma–Crawford, Sharma–Crawford Attorneys at Law, LLC, Overland Park, KS, for Plaintiff.

Zachary Richter, United States Department of Justice, Washington, DC, for Defendants.

### ORDER

RICHARD E. DORR, District Judge.

Pending before the Court is a Motion to Stay Discovery by Defendants Glenn Triveline, Laura Foster, Michael Spinella, Todd Hamilton, and Jack Barnhart (the "individual defendants") (Doc. 30). For the reasons discussed below, the Motion to Stay is **DENIED** in part (Doc. 30).

### BACKGROUND

This case arises out of the arrest of a Samoan diplomat. Plaintiff Hans Joachim Keil ("Plaintiff") was arrested and accused of being an illegal alien. Prior to his arrest, Plaintiff produced a facially valid United States Passport. The individual defendants filed motions for summary judgment based on qualified immunity and the instant motion to stay on April 26, 2010.

### ANALYSIS

The individual defendants assert they are entitled to a stay of all discovery until this Court disposes of their summary judgment motions. Plaintiff argues he is entitled to limited discovery on the qualified immunity issue. In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the United States Supreme Court stated the standard for qualified immunity: "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. 2727 (citations omitted). The Court also opined, "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred ... Until this threshold immunity question is resolved, discovery should not be allowed." *Id.* The individual defendants rely on this statement for their assertion that no discovery should be permitted. However, subsequent United States Supreme Court cases reveal that limited discovery on the qualified immunity issue is allowed, so long as the plaintiff's allegations state a violation of clearly established law. *See Mitchell v. Forsyth*, 472

U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). In *Mitchell,* the Court opined,

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts. 472 U.S. at 526, 105 S.Ct. 2806 (citations and internal quotations omitted).

In *Crawford–El,* the Court explained that "the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law ... If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery." 523 U.S. at 598, 118 S.Ct. 1584.

In this case, Plaintiff's Complaint is sufficient to show a violation of clearly established law.[1] In *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Court opined the relevant inquiry was whether the actions alleged in the plaintiff's complaint were "actions that a reasonable officer could have believed lawful." Plaintiff's Complaint alleges two facts relevant to whether Plaintiff was an illegal immigrant. First, the individual defendants took Plaintiff's facially valid United States passport. Second, Plaintiff informed the individual defendants he was a U.S. Citizen, a veteran of the U.S. Military, and a Diplomat for the Samoan Government. No reasonable officer could have believed it lawful to arrest someone for being an illegal alien where the only relevant facts known to the officer were that the person 1) claimed to be a U.S. Citizen, and 2) possessed a facially valid U.S. Passport. Therefore, the allegations in Plaintiff's Complaint are sufficient and limited discovery is appropriate in this case.

In order to avoid "broad-reaching discovery," discovery shall be limited to asking Foster, Spinella, Hamilton, and Barnhart about information available to them at the time of Plaintiff's arrest that indicated Plaintiff was an illegal alien or otherwise formed a basis for the arrest. All other discovery is hereby **STAYED** until further order of this Court.

**IT IS SO ORDERED.**

---

1. The individual defendants have not moved to dismiss Plaintiff's Complaint as insufficient to state a violation of clearly established law.

However, in light of Supreme Court precedent, the Court will address the issue.